**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ACCELERATION BAY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-904-RGA-MPT |
| | ) | |
| AMAZON WEB SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PROTECTIVE ORDER GOVERNING THE
<u>DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS</u>**

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, it is hereby ORDERED THAT:

1.     **<u>DEFINITIONS</u>**.  The terms defined in this Section 1 and parenthetically elsewhere shall, throughout this Order, have the meanings provided.  Defined terms may be used in the singular or plural.

    1.1     The "Action" means the above-captioned litigation.

    1.2     "Party" means a party to the Action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    1.3     "Material" means all information, documents, testimony, and things produced, served or otherwise provided in this action by any Party or by any non-party.

1.4     "Designated Material" means any Material that is designated "CONFIDENTIAL", "CONFIDENTIAL – OUTSIDE COUNSEL ONLY", and/or "RESTRICTED CONFIDENTIAL – SOURCE CODE" under this Order.  Designated Material shall not include advertising or other materials that have been actually published or publicly disseminated.

1.5     "Designating Party" means a Party or non-party that designates any Material in productions, in disclosures, or in responses to discovery as "CONFIDENTIAL", "CONFIDENTIAL – OUTSIDE COUNSEL ONLY", and/or "RESTRICTED CONFIDENTIAL – SOURCE CODE."

1.6     "Producing Party" means any Party or non-party that discloses or produces Material in this Action.

1.7     "Receiving Party" means any Party receiving production or disclosure of Material in this Action.

1.8     "Confidential Material" means information, documents, and things the Designating Party believes in good faith constitutes trade secret or other confidential research, development, or commercial information that is maintained in confidence by the Designating Party and not generally known to others.

1.9     "Confidential – Outside Counsel Only Material" means Confidential Material that the Designating Party believes in good faith has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury.

1.10    "Restricted Confidential – Source Code Material" means extremely sensitive "Confidential Material" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which

to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

1.11    "Counsel of Record" means (i) outside counsel who has entered an appearance as counsel for a Party and has not subsequently withdrawn, (ii) partners, principals, counsel, associates, employees and contract attorneys of such outside counsel to whom it is reasonably necessary to disclose the information for this Action, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters, and/or (iii) independent legal translators retained to translate in connection with this Action, or independent shorthand reporters retained to record and transcribe testimony in connection with this Action.

1.12    "Outside Consultant" means any person with specialized knowledge or experience in a matter pertinent to this Action who has been retained by Counsel of Record to serve as an expert witness, or as a consultant in this Action, and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or of a competitor of a Party.

1.13    "Professional Vendors" means any persons or entities that provide litigation support services and their employees and subcontractors who have been retained or directed by Counsel of Record in this action, and who are not current employees of a Party or of a competitor of a Party and who, at the time of retention, are not anticipated to become employees of a Party or of a competitor of a Party.  Litigation support services include but are not limited to: photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.  Professional Vendors include ESI vendors and professional jury or trial consultants retained in connection with this litigation.

Professional Vendors do not include consultants who fall within the definition of Outside Consultant.

   1.14 "Termination" means the dismissal of the Action (whether through settlement or otherwise) after the entry of final judgment and expiration of all periods to appeal or to seek judicial review of such judgment or dismissal.

   1.15 "Affiliate" shall mean, with respect to any Party, any other entity controlling, controlled by, or under common control with that Party.  As used in this definition, the term "control" means the ownership of more than fifty percent (50%) of the ownership or equity interests of such entity.

   1.16 "Patents-in-Suit" means U.S. Patent No. 6,701,344 ("the '344 Patent"), U.S. Patent No. 6,714,966 ("the '966 Patent"), U.S. Patent No. 6,732,147 ("the '147 Patent"), U.S. Patent No. 6,829,634 ("the '634 Patent"), U.S. Patent No. 6,910,069 ("the '069 Patent"), and any other patent asserted in this Action, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

  2. **<u>SCOPE</u>**

   2.1 The protections conferred by this Order cover not only Designated Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules of this Court, or the Court's deadlines provided in any scheduling order or discovery order issued by the Court. Identification of any individual pursuant to this Order does not make that individual available for deposition, or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's deadlines provided in any scheduling order or discovery order issued by the Court.

2.2     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Designated Material for any purpose including disclosure to its employees or the employees of its Affiliates, and nothing in this Order shall preclude any Producing Party from showing its Designated Material to an individual who prepared the Designated Material.

2.3     Nothing in this Order shall be construed to prejudice any Party's right to use any Designated Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

3.      **MATERIAL DESIGNATED "CONFIDENTIAL."** Any Designating Party may designate as "CONFIDENTIAL" any Material that the party believes in good faith constitutes Confidential Material.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Material designated "CONFIDENTIAL" only to:

(a)     Persons who appear on the face of the Designated Material as an author, addressee, or recipient thereof;

(b)     Up to two (2) in-house employees of a Receiving Party (including a parent or affiliate of a Receiving Party), and necessary secretarial staff, who are responsible for providing oversight of or assistance in the litigation, provided that any such employee or staff has signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, and provided an executed copy to the Producing Party prior to receiving any Designated Material;

(c)     Counsel of Record for the Designating Party or the Receiving Party;

(d)      Outside Consultants of the Receiving Party (including necessary employees of the Outside Consultants) provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of this Order by signing a copy of the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, with the provisions of Section 6 being complied with prior to receiving any Designated Material; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 6 below;

(e)      Witnesses at deposition and/or trial consistent with the provisions of Section 7 below, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order;

(f)      The Court and its personnel, any technical advisor that the Court may appoint, and any Jury impaneled in the Action;

(g)      Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff;

(h)      Court reporters and videographers employed in connection with this case;

(i)      Professional Vendors to whom disclosure is reasonably necessary for this Action;

(j)      Jury consultants, trial consultants, or mock jurors selected by counsel in preparation for trial, provided they have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A; and

(k)      Any other person authorized by written agreement of the Producing Party and the Receiving Party or by order of the Court.

4.      **MATERIAL DESIGNATED "CONFIDENTIAL — OUTSIDE COUNSEL ONLY."**  Any Designating Party may designate as "CONFIDENTIAL — OUTSIDE COUNSEL ONLY" any Material that the party believes in good faith constitutes Confidential – Outside Counsel Only Material.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Material designated as "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" shall be treated as Material designated as "CONFIDENTIAL" with the further restriction that it shall not be disclosed to any person identified in Section 3(b) above.

5.      **MATERIAL DESIGNATED "RESTRICTED CONFIDENTIAL – SOURCE CODE."**  Any Designating Party may designate as "RESTRICTED CONFIDENTIAL – SOURCE CODE" any Material that the party believes in good faith constitutes Restricted Confidential – Source Code Material.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Material designated as "RESTRICTED CONFIDENTIAL – SOURCE CODE" shall be treated as Material designated as "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" with the further restriction that (i) it shall not be disclosed to any person identified in Sections 3(g), 3(i), or 3(j) above, (ii) absent good cause, it shall be disclosed to no more than five (5) Outside Consultants per party designated under Section 3(d) above, and (iii) such Material is subject to the provisions of Section 8 of this Order.

6.      **DISCLOSURE TO OUTSIDE CONSULTANTS**.  No disclosure of Designated Material to Outside Consultants shall occur until the notice and resolution of objection procedures of this Section are followed.

6.1     Notice.  If a Receiving Party wishes to disclose another Party's Designated Material to any Outside Consultant, such Receiving Party must provide notice to counsel for the Designating Party, which notice shall include: (a) the individual's name and business title; (b) business address; (c) business or profession; (d) the individual's CV; (e) any previous or current relationship (personal or professional) with any of the Parties or any entity that the either Receiving Party or the Outside Consultant has reason to believe is an Affiliate of any of the Parties, to the extent not disclosed in the individual's CV; (f) a list of other cases in which the individual has testified (at trial or by deposition) within the last seven years; (g) a list of all patents and patent applications for which the individual is a named inventor and/or an assignee; (h) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years; and (i) a signed copy of the "Acknowledgement and Agreement To Be Bound By Protective Order" attached as Exhibit A.

6.2     Objections.  The Designating Party shall have seven (7) business days from receipt of the notice specified in Section 6.1 to object in writing to such disclosure. Any such objection must set forth in detail the grounds on which it is based.  After the expiration of the 7-day period, if no objection has been asserted, then Designated Material may be disclosed to the Outside Consultant pursuant to the terms of this Order.  However, if the Designating Party objects within the 7-day period, the Receiving Party may not disclose Designated Material to the challenged individual absent resolution of the dispute or Court Order.  In the event the Designating Party makes a timely objection, the parties shall promptly meet and confer to try to resolve the matter by agreement.  If the parties cannot reach an agreement, the Objecting Party may, within five (5) business days following the meet and confer, seek relief from the Court using the procedures set forth in the Scheduling Order (as modified by the Court's October 21, 2022 Oral

Order) for resolving discovery disputes to prevent disclosure of Designated Material to the Outside Consultant, or for other appropriate relief.  If the Objecting Party timely initiates the discovery dispute procedure in accordance with the Scheduling Order (as modified by the Court's October 21, 2022 Oral Order), Designated Material shall not be disclosed to the challenged individual until and unless a final ruling allowing such disclosure is made by this Court, or by the consent of the Objecting Party, whichever occurs first.  If the Objecting Party fails to initiate the discovery dispute procedure in accordance with the Scheduling Order (as modified by the Court's October 21, 2022 Oral Order) within the prescribed period, the Designated Material may thereafter be disclosed to such individual.

7.  **USE AT DEPOSITION**

7.1    A present director, officer, agent, employee, designated Rule 30(b)(6) witness, and/or Outside Consultant of a Producing Party may be shown at deposition and examined on all Designated Material that has been produced by that Party;

7.2    A former director, officer, agent and/or employee of a Producing Party may be shown at deposition and examined on all Designated Material that has been produced by that Party and that the Receiving Party's Outside Counsel reasonably and in good faith believes to have been received by the witness previously or that refers to matters within the witness's personal knowledge pertaining to the period or periods of his or her employment, engagement, or relationship with the Producing Party;

7.3    Non-parties may be shown at deposition and examined on any document containing Designated Material of a Producing Party that appears on its face, or which the Receiving Party's Outside Counsel reasonably and in good faith believes based on other documents or testimony, to have been received from or communicated to the non-party.  Any

person other than the witness, his or her attorney(s), and any person qualified to receive Designated Material under this Order, shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to sign the "Acknowledgement and Agreement To Be Bound By Protective Order" attached as Exhibit A.  In the event that such attorney declines to sign the Acknowledgement and Agreement To Be Bound By Protective Order prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting such attorney from accessing such Designated Material.

7.4     A witness who previously had access to a document designated "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" but who is an employee of the Producing Party or its Affiliate or is not under a present non-disclosure agreement with the Producing Party that covers that document, may be shown the document at deposition if the witness is advised on the record of the existence of the Protective Order and that the protective order requires the parties to keep confidential any questions, testimony or documents that are designated as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE." The witnesses may not copy, take notes on or retain copies of any Designated Material used or reviewed at the deposition.  The witness may not take out of the deposition room any exhibit that is marked "CONFIDENTIAL", "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE."  The Producing Party of any Designated Material used at the deposition may also require that the transcript and exhibits not be

copied by a witness who is not subject to this Order or his counsel who is not subject to this Order, that no notes may be made of the transcript or the exhibits, and that the transcript and exhibits may only be reviewed by the witness in the offices of one of the counsel representing a party in this case (or another firm acting for one of the counsel representing a party in this case and under the supervision of one of the lawyers who is bound by the terms of this Order).

7.5     Except as may be otherwise ordered by the Court, and without limitation as to any of the other provisions of this section, any person may be examined as a witness by deposition, and may testify concerning all Designated Material of which such person has prior knowledge.

7.6     Notwithstanding any sub-Section of this Section 7, no copies of Designated Material may be provided to any deponent or trial witness other than for purposes of the examination without the written consent of the Producing Party.

8.      **PRODUCTION OF SOURCE CODE**.  This Section shall govern the production of Source Code in this Action.  The provision of this section shall also be available for the production of Source Code by non-parties, however, such production may be governed by a supplemental confidentiality order negotiated between the Receiving Party and the non-party.

8.1     Source Code designated as "RESTRICTED CONFIDENTIAL – SOURCE CODE" shall be made available for the Receiving Party's inspection.

(a)     Inspection of Source Code shall be permitted during regular business hours, which shall be 9:00 am to 5:00 pm local time unless otherwise specified, although the Parties will be reasonable in accommodating requests to conduct inspections at other times.

(b)     Source Code designated as "RESTRICTED CONFIDENTIAL – SOURCE CODE" shall be maintained by the Producing Party and made available for inspection by the

Receiving Party on one single stand-alone computer (that is, a computer not connected to any network, the Internet, or any peripheral device other than a keyboard, mouse, and monitor) and produced in electronic and searchable form in a manner consistent with how the code being produced is maintained in the ordinary course of business (e.g. with folder hierarchies preserved). A written request for one additional stand-alone computer will be considered in good faith and not unreasonably withheld.

(c)     The stand-alone computer shall be maintained in a secured location at the offices of the Producing Party's outside counsel or at the offices of the Producing Party, access to which shall be controlled by reasonable physical (*e.g.*, locked doors) and electronic (*e.g.*, password or other access provisions) security measures.  Use of any input/output device (*e.g.*, USB memory stick, CDs, floppy disk, portable hard drive, etc.) is prohibited while accessing the computer containing the Source Code, and the Receiving Party shall not attempt to use any peripheral device of any kind (other than the keyboard, mouse, and monitor provided by the Producing Party) with the stand-alone computers, nor shall the Receiving Party attempt to install any software on the stand-alone computer.

(d)     The Receiving Party may not take any form of camera, computer, computer storage device, or smartphone into the source code viewing room, so long as the producing party provides reasonable accommodations for the storage of such equipment. Notwithstanding the foregoing, the source code reviewer may take notes on a non-networked computer with camera function disabled, provided that all ports to such computer are unavailable and disabled and no drives of any kind (other than that within the non-networked computer) are permitted in the secured review room. The source code reviewer may not copy the source code into the source code

reviewer's notes. However, the notes may include filenames, function names, variable names, and line numbers.

(e)     The Producing Party will make a separate, private room available for the Receiving Party to confer or talk on the phone.

(f)     The Producing Party shall install tools and software that are sufficient for viewing and searching the code produced on the platform produced, including any tools provided by the Receiving Party in accordance with the provisions and restrictions of sub-paragraph (g) of this section.

(g)     The Receiving Party's outside counsel and/or experts may request that additional commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools and provides it to the Producing Party at least ten (10) business days in advance of any review where the Receiving Party wishes to have the software tools available; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.  The Producing Party may notify the Receiving Party that it declines to install any requested inspection software if the software represents any unreasonable risk of compromising security of the source code or the Source Code Computer, or the software could be used for any other illegitimate purpose in contravention of the Protective Order.  Within three (3) business days of such notification by the Producing Party, the parties shall meet and confer in good faith to attempt to resolve the issue.  If the parties cannot resolve the issue, the Producing Party may bring a motion to the Court using the discovery dispute procedures set forth in the Scheduling Order (as amended by the Court's October 21, 2022 Oral Order), but the

pendency of the motion will not be used as a basis to withhold access by the Receiving Party of the source code for review using other tools.  For emphasis, it should be noted that the tools for reviewing source code may not be used to circumvent the protections of this Protective Order in any way.

(h)    The Producing Party may maintain a Source Code Access Log identifying, for each and every time any Source Code is viewed or accessed at the secure location: (1) the name of each person who accessed the Source Code; (2) the date and time of access; (3) the length of time of access; and (4) describing any printing of Source Code (e.g.  what was printed, how many copies, etc.).

(i)    The foregoing terms do not foreclose the Receiving Party from seeking the production of source code in different formats or foreclose the Producing Party from seeking additional protections or a protective order.  The parties will meet and confer promptly and in good faith in such circumstances.

(j)    Absent good cause, access to the stand-alone computer shall be limited to five (5) outside counsel representing the Requesting Party and five (5) Outside Consultants who have been approved to access "RESTRICTED CONFIDENTIAL – SOURCE CODE" materials.

8.2    No person shall copy, e-mail, transmit, upload, download, print, photograph, or otherwise duplicate any portion of Source Code, or documents or things designated "RESTRICTED CONFIDENTIAL – SOURCE CODE," except as follows:

(a)    The Receiving Party may request a reasonable number of pages of Source Code to be printed.  A reasonable number of pages means no more than 750 Pages of Source Code, and in any case, no more than 35 contiguous pages of Source Code, on 8.5" x 11" paper with a font no smaller than Courier 12pt.  The parties agree to negotiate printing beyond these page limits

in good faith should the need arise.  The Producing Party shall provide a printer with water-marked (or colored), bates-number paper with the legend "RESTRICTED CONFIDENTIAL – SOURCE CODE" such that the Receiving Party can print the source code during the review. The receiving Party may use a text editor such as Notepad++, which shall be provided and installed by the producing Party, that is capable of printing out source code with page and/or line numbers in either hard-copy or as a PDF. After the Receiving Party has completed the review session and printing for the day, the Receiving Party shall provide the print-outs to the Producing Party for review.  In the instance of a multiple day review, the Producing Party shall maintain copies printed during the course of the review until the conclusion of the review session. Absent agreement from the Producing Party, the Receiving Party shall not take the print-outs with it when it finishes its review. The printed pages shall constitute part of the source code produced by the Producing Party in this action.  If there is no objection from the Producing Party, within four (4) business days of the completion of the review session, the Producing Party shall provide the print-outs to the Receiving Party.  If the Producing Party has any objection to the print-outs, the Producing Party must object in writing within four (4) business days after completion of the review session. The parties shall then meet and confer within three (3) business days to try to resolve the dispute in good faith.  If no resolution can be reached, the Producing Party must seek relief from the Court in accordance with the discovery dispute procedures as set forth in the Scheduling Order (as modified by the Court's October 21, 2022 Oral Order) no later than seven (7) business days from date of the meet and confer.

   (b) The Receiving Party shall maintain all paper copies of any printed portions of the Source Code in a secured, locked area. The Receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code in electronic or paper form. The

record shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Upon request by the Producing Party, the Receiving Party shall produce the Source Code review record and shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or qualified person that receives a copy of any portion of the source code. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for depositions or (3) otherwise necessary to provide to Counsel or Outside Consultants who have been approved to access "RESTRICTED CONFIDENTIAL – SOURCE CODE" materials. Except as provided in this paragraph, the Receiving Party shall not create any electronic copies and shall not convert any of the information contained in the paper copies into any electronic format.  The Receiving Party may create an electronic image of the Source Code for the preparation of and use within expert reports, documents filed electronically with the Court, or for displaying the Source Code during trial. Additionally, all electronic and paper copies must be labeled RESTRICTED CONFIDENTIAL – SOURCE CODE.  Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(c)     A Receiving Party that wants to use any Source Code, or other documents or things designated as "RESTRICTED CONFIDENTIAL – SOURCE CODE," at a deposition may, no earlier than 72 hours prior to any such deposition, make only as many copies, and only of the specific pages, as it intends to actually use at the deposition.  For any RESTRICTED CONFIDENTIAL – SOURCE CODE material used as a deposition exhibit, the exhibit shall be identified on the record, by Bates number or otherwise.  The Receiving Party shall retain the

original of any such exhibit and shall provide a copy of the original exhibit to the Producing Party at the conclusion of the deposition.  No source code Exhibits shall be retained by the Court reporter at the conclusion of the deposition or appended to the transcript by the Court Reporter.  At the conclusion of the deposition, the Producing Party will collect and shred any other copies of the source code that may have been distributed at the deposition, with the exception of the Parties' working copy(ies).

       (d)     A Receiving Party that wants to file or otherwise submit any Source Code, or other documents or things designated as "RESTRICTED CONFIDENTIAL – SOURCE CODE," to the Court in connection with a filing may, no earlier than 72 hours prior to the relevant filing, make only as many copies, and only of the specific pages as needed, for submission to the Court and shall file any and all such copies of the materials with an application to file under seal. Unless agreed to by the Producing Party, images or copies of source code shall not be included in correspondence between the parties.

       8.3     Any paper copies, documents, or things designated "RESTRICTED CONFIDENTIAL – SOURCE CODE" shall be stored or viewed only at (i) the offices of Counsel of Record for the Receiving Party; (ii) the offices of Outside Consultants who have been approved to access "RESTRICTED CONFIDENTIAL – SOURCE CODE" materials; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial, or deposition.  Paper copies stored in locations (i) and (ii) shall be maintained at all times in a locked and secure area.

       8.4     Source Code may only be transported by the Receiving Party at the direction of a person authorized under paragraph 5 above to another person authorized under paragraph 5

on paper via hand carry, Federal Express (tracking and signature capability required), or other similarly reliable courier (tracking and signature capability required).

9.    **PROCEDURE FOR DESIGNATING MATERIAL**.  Subject to the limitations set forth in this Order, a Designating Party may: designate as "CONFIDENTIAL" information that the Designating Party believes, in good faith, meets the definition of Confidential Material set forth in Section 1.8 above; designate as "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information that it believes, in good faith, meets the definition of Confidential -- Outside Counsel Only Material set forth in Section 1.9 above; and designate as "RESTRICTED CONFIDENTIAL – SOURCE CODE" information that it believes, in good faith, meets the definition of Restricted Confidential – Source Code Material set forth in Section 1.10 above.

9.1    Except as provided above in Section 8 with respect to "RESTRICTED CONFIDENTIAL – SOURCE CODE" Material, any Material (including physical objects) made available for inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information, and shall be subject to this Order.  Thereafter, the Producing Party shall have ten (10) business days from the inspection to review and designate the appropriate documents as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" prior to furnishing copies to the Receiving Party.

9.2    Except as otherwise provided in this Order or as otherwise stipulated or ordered, Material that qualifies for protection under this Order must be designated in accordance with this Section before the Material is disclosed or produced.  In addition to the marking of documents and things with the appropriate level of confidentiality as provided in this Order, all

documents and things produced by a Producing Party shall be numbered using a prefix bearing the Producing Party's name or an abbreviation thereof.

        9.3      Designation in conformity with this Order shall be made as follows:

        (a)      For information in documentary form (apart from transcripts of depositions, or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" on each page that contains Designated Material.

        (b)      For testimony given in deposition, the Designating Party shall specify any portions of the testimony that it wishes to designate as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE." The Designating Party may do so during the deposition or as otherwise described in this section. In the case of depositions, the Designating Party may also designate any portion of a deposition transcript as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" by informing the reporter, and opposing Parties, in writing within thirty (30) calendar days of completion of the deposition of the designations to be applied. All deposition transcripts not marked at least "CONFIDENTIAL-- OUTSIDE COUNSEL ONLY" during the deposition will nonetheless be treated as "CONFIDENTIAL-- OUTSIDE COUNSEL ONLY" until the thirty (30) day period has expired.

        (c)      For information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "CONFIDENTIAL", "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE" to the extent reasonably practical.

(d)      The provisions of this sub-section 9.3 do not apply to documents produced in native format.  Documents produced in native format will have their respective confidentiality designation identified in the filename of the native file or in a slipsheet that accompanies the production of a native document.

9.4      In the event that a Producing Party mistakenly or inadvertently fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL", "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE" at the time of its production, it may be corrected by written notification to counsel for the Receiving Party, and the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the terms of this Order.  The Receiving Party and other authorized recipients of such documents or information shall not be responsible for any otherwise prior actions taken with respect to such documents or information before receiving notice of the designation.  Upon designation the Receiving Party shall take reasonable efforts to retrieve such information from individuals unauthorized to access it and to ensure that the information is treated consistent with its designation and this Protective Order.

10.      **GENERAL USE OF DESIGNATED MATERIAL**.  Unless otherwise ordered by the Court, or agreed to in writing by the Parties, all Designated Material, and all information derived therefrom, shall be used by the Receiving Party only for purposes of these actions. Designated Material shall not be used for any other purpose including, but not limited to, any business, proprietary, commercial, legal/other litigation, arbitration or claim, or governmental purpose.  Information contained or reflected in Designated Material shall not be disclosed in conversations, presentations by parties or counsel, in court or in other settings that might reveal Designated Material, except in accordance with the terms of this Order.

10.1    Nothing in this Order shall limit any Designating Party's use of its own documents and information, nor shall it prevent the Designating Party from disclosing its own confidential information, documents or things to any person.  Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

10.2    Nothing in this Order shall limit a Receiving Party from making use of or disclosing documents and/or things that (a) were lawfully in its possession prior to receipt of such information from a Producing Party; (b) appear in any published material available to the Producing Party's trade or business, available to the public, or otherwise become available within the public domain, other than as a consequence of the Receiving Party's breach of any obligation not to disclose the information; or (c) it lawfully obtains subsequent to the Producing Party's disclosure, without obligation of confidence, from a source or sources other than the Producing Party; regardless of whether the same is Designated Material.

10.3    Subject to the remaining provisions of this Protective Order, absent written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file, or disclose, in the public record any Designated Material.

10.4    If a Receiving Party files any document with the Court containing information designated by a Producing Party as Designated Material, it shall file such a document in accordance with the Court's rules and practices governing the filing of sealed documents and shall indicate prominently on the face of the document that is being filed under seal, the level of confidentiality protection to which the document is subject and the name of the Producing Party

whose Designated Material is involved.  All such Designated Material so filed shall be released from confidential treatment only by order of the Court.

10.5    This Protective Order shall not bar or otherwise restrict Counsel of Record from rendering advice to his or her client with respect to the Action, and in the course thereof, referring to or relying generally upon his or her examination of Designated Material, provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the content of such information designated as Designated Material contrary to the terms of this Protective Order.

10.6    Designated Material shall not be used by a Receiving Party in any other way, or for any other purpose, including the acquisition, preparation or prosecution before the Patent Office of any patent application, or in connection with patent licensing.

11.    **PROSECUTION BAR**. Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved, directly or indirectly, drafting, editing, and/or amending of applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of the claims in patents or patent applications relating to the functionality, operation, and design of peer to peer networks (generally or as described in any patent in suit), including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing

a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination or inter partes review ("IPR"), and does not include participation by such attorney representing a patent holder in a reissue protest, ex parte reexamination, IPR, or similar proceeding, so long as the proceeding is not initiated by the patent holder itself for any of its own patents, and so long as the attorney has no involvement in and does not advise regarding drafting, editing, approving or amending patent claims (the attorney may be involved in other activities in such proceedings). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end one (1) year after final resolution of this case, including all appeals.

12.   **<u>NO WAIVER OF PRIVILEGE</u>**.  Subject to the provisions of Federal Rule of Evidence 502, inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

(a)   If the Producing Party becomes aware of any inadvertent disclosure, the Producing Party may promptly designate any such documents as within the attorney-client privilege, work product immunity or any other applicable privilege or immunity and request in writing return of such documents to the Producing Party. Upon such request, the Receiving Party shall immediately retrieve and return or destroy the document(s), and all copies, notes, quotations, or summaries thereof and shall provide written confirmation of such destruction to the Producing Party within three (3) business days.  The Producing Party shall retain a copy of any such documents and shall be prepared to submit them to the Court in connection with any Order of this Court requiring *in camera* inspection in connection with a challenge of the privilege designation.

(b)      In turn, the Producing Party shall keep a copy of the document(s) requested to be retrieved and returned or destroyed, and shall create a privilege log for all such documents requested to be returned or destroyed, regardless of the date of the document, (for example, if the document would not have otherwise needed to be placed on the privilege log such as if it were created after the filing of the complaint) and designate them as within the attorney-client privilege, work product immunity or any other applicable privilege or immunity, along with the appropriate identifying information.  Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege, work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court or by otherwise presenting to the Court (if requested by the Court); provided, however, that such challenge shall not assert as a ground for challenge the fact of the initial production or inspection of the documents later designated as attorney-client privileged, work product, or subject to another applicable privilege or immunity, and shall not refer to the content of the inadvertently-produced items.

13.      **INADVERTENT FAILURE TO DESIGNATE PROPERLY**.  The inadvertent failure by a Producing Party to designate any material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Party that such Material is protected under one of the categories of this Order within ten (10) business days of the Producing Party learning of the inadvertent failure to designate.  The Producing Party shall reproduce the Designated Material with the correct confidentiality designation within five (5) business days upon its notification to the Receiving Party.  Upon receiving the Designated Material with the correct confidentiality designation, the Receiving Party shall return or securely destroy, at the Producing Party's option, all materials that were not designated properly.

(a)     Once the Receiving Party has received notification of the correct confidentiality designation for the Designated Material with the correct confidentiality designation, the Receiving Party shall treat such material at the appropriately designated level pursuant to the terms of this Order.

(b)     Notwithstanding the above, a subsequent designation of "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who appropriately reviewed the materials with their original confidentiality designation from engaging in the activities set forth in Section 11.

14.     **CHALLENGES TO CONFIDENTIALITY DESIGNATIONS**.   The Parties will use reasonable care when designating information as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE." Nothing in this Order shall prevent a Receiving Party from contending that any or all documents or information designated as Confidential Material, Confidential – Outside Counsel Only Material, or Restricted Confidential – Source Code Material have been improperly designated.  A Receiving Party may, at any time, request that the Producing Party cancel or modify the confidentiality designation with respect to any document or information contained therein.  A Receiving Party may seek to de-designate Designated Material on the grounds that such material: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.  A Party shall not be obligated to

challenge the propriety of a  "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall identify particularly the documents or information that the Receiving Party contends should be differently designated.  The parties shall use their best efforts to resolve promptly and informally such disputes in accordance with all applicable rules.  If agreement cannot be reached, the Receiving Party shall seek relief from the Court in accordance with the discovery dispute procedures as set forth in the Scheduling Order (as modified by the Court's October 21, 2022 Oral Order) to cancel or modify a "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" designation within five (5) business days of the parties reaching an impasse on the issue.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.  Notwithstanding any challenge to a designation, the Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Material in question withdraws such designation in writing; or (b) the Court rules that the Material in question is not entitled to the designation.

15.   **UNAUTHORIZED DISCLOSURE**.   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

16.      **NON-PARTY USE OF THIS PROTECTIVE ORDER**.   A non-party that produces Material voluntarily, or pursuant to a subpoena or a court order, may designate such Material in the same manner, and shall receive the same level of protection under this Protective Order, as any Party to this lawsuit.   A non-party's use of this Protective Order to protect its Confidential Material, Confidential – Outside Counsel Only Material, or Restricted Confidential– Source Code Material does not entitle that non-party access to Confidential Material, Confidential -- Outside Counsel Only Material, or Restricted Confidential – Source Code Material produced by any Party in this case.   Any non-party who is subpoenaed or whose documents, things, or other items are otherwise requested in connection with this action must be provided a copy of this Protective Order and be made aware of their right to produce documents pursuant thereto.

17.      **MATERIAL SUBPOENAED IN OTHER LITIGATIONS**.   By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.   Any person or Party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.   More specifically, if a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this action as "CONFIDENTIAL," "CONFIDENTIAL –

OUTSIDE COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE," the Receiving Party must so notify the Producing Party, in writing (by email) promptly, and in no event more than five (5) business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or order.  The Receiving Party also must immediately inform, in writing, the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.  The Receiving Party must also cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose Designated Material may be affected.  If the Producing Party timely seeks a protective order, the party served with a subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE," before a determination by the court from which the subpoena or order issued, unless the party has obtained the Producing Party's permission.  The Producing Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Material.   Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

18.     **WAIVER OF NOTICE PROVISIONS**.  Any of the notice requirements herein may be waived, in whole or in part, but only by a writing from the Counsel of Record for the Party against whom such waiver will be effective.

19.     **MODIFICATION AND OBJECTIONS**.  This Order is entered without prejudice to the right of any Party to apply to the Court at any time for modification of this Order, when convenience or necessity requires.  Nothing in this Order abridges the right of any person to seek

to assert other objections.  No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

20.    **JURISDICTION**.  The United States District Court for the District of Delaware, is responsible for the interpretation and enforcement of this Protective Order.  All disputes concerning Designated Material produced under the protection of this Protective Order shall be resolved by the United States District Court for the District of Delaware.  Every individual who has signed the "Acknowledgement and Agreement To Be Bound By Confidentiality Order" attached as Exhibit A, or who received any Designated Material, agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Order.

21.    **FINAL DISPOSITION**.  Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of this Action as to the Producing Party, all Parties, persons, and entities (including experts and consultants) who received Designated Material shall make a good faith effort to destroy or return to Counsel of Record for the Producing Party all Designated Material and any and all copies of such Designated Material. In the case of material designated "RESTRICTED CONFIDENTIAL – SOURCE CODE," the Receiving Party must return (not destroy) the material.  The Receiving Party must submit a written confirmation of the return or destruction to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline.  Notwithstanding this provision, Counsel of Record may retain an archival copy of all pleadings, motion papers, deposition transcripts (including exhibits), transcripts of other proceedings (including exhibits), expert reports (including

exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence, attorney work product, and legal files, even if such materials contain Designated Material.  Any such archival copies that contain or constitute Designated Material remain subject to this Protective Order as set forth in Section 20, above.

22.     **DURATION**.  The confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

23.     **SUCCESSORS**.   This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

SO ORDERED this   2   day of December, 2022.

 /s/ Richard G. Andrews
HONORABLE RICHARD J. ANDREWS
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ACCELERATION BAY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-904-RGA-MPT |
| | ) | |
| AMAZON WEB SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ACKNOWLEDGEMENT AND AGREEMENT TO BE**
**BOUND BY PROTECTIVE ORDER**

I, _____ [print or type full name], of

_____ hereby affirm that:

Information, including documents and things designated as "CONFIDENTIAL,"

"CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL—

SOURCE CODE," as defined in the Protective Order entered in this Litigation, will be provided

to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be

bound by its terms.  I submit to the jurisdiction of this Court for enforcement of the Protective

Order.

I agree not to use any CONFIDENTIAL, CONFIDENTIAL-- OUTSIDE COUNSEL

ONLY, or RESTRICTED CONFIDENTIAL – SOURCE CODE information disclosed to me

pursuant to the Protective Order except for purposes of this Litigation and not to disclose any of

this information to persons, other than those specifically authorized by the Protective Order,

without the express written consent of the Party who designated the information as confidential or

by order of the Court.

DATED:_____

CITY, STATE WHERE SWORN AND SIGNED:_____

PRINTED NAME:_____

SIGNATURE:_____