# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ACCELERATION BAY LLC, a<br>Delaware Limited Liability Corporation, | )<br>)<br>) | C.A. No. 22-904-RGA-SRF |
| | ) | JURY TRIAL DEMANDED |
| Plaintiff, | )<br>) | |
| v. | )<br>) | |
| AMAZON WEB SERVICES, INC., a<br>Delaware Corporation, | )<br>)<br>) | |
| Defendant. | ) | |

## JOINT PROPOSED PRETRIAL ORDER

| | |
|---|---|
| POTTER ANDERSON & CORROON LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| Philip A. Rovner (#3215) | Jack B. Blumenfeld (#1014) |
| Nicole K. Pedi (#6236) | Jennifer Ying (#5550) |
| Hercules Plaza | 1201 North Market Street |
| P.O. Box 951 | P.O. Box 1347 |
| Wilmington, DE 19899 | Wilmington, DE 19899 |
| (302) 984-6000 | (302) 658-9200 |
| provner@potteranderson.com | jblumenfeld@mnat.com |
| npedi@potteranderson.com | jying@mnat.com |
| | |
| OF COUNSEL: | |
| Paul J. Andre | OF COUNSEL: |
| Lisa Kobialka | Alan M. Fisch |
| James R. Hannah | R. Williams Sigler |
| Kristopher Kastens | Jeffrey M. Saltman |
| Michael H. Lee | Lisa N. Phillips |
| Christina Finn | Kyle K. Tsui |
| KRAMER LEVIN NAFTALIS | Lauren Hutchison |
| & FRANKEL LLP | FISCH SIGLER LLP |
| 333 Twin Dolphin Dr., Suite 700 | 5301 Wisconsin Ave., NW, Suite 400 |
| Redwood Shores, CA 94065 | Washington, D.C. 20015 |
| (650) 752-1700 | (202) 362-3500 |
| pandre@kramerlevin.com | |
| lkobialka@kramerlevin.com | Ken K. Fung |
| jhannah@kramerlevin.com | FISCH SIGLER LLP |
| kkastens@kramerlevin.com | 400 Concar Drive |
| mhlee@kramerlevin.com | San Mateo, CA 94402 |
| cfinn@kramerlevin.com | (650) 362-8207 |

Aaron M. Frankel
Cristina Martinez
Pooja Parekh
KRAMER LEVIN NAFTALIS
  & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
 (212) 715-9100
afrankel@kramerlevin.com
cmartinez@kramerlevin.com
pparekh@ kramerlevin.com

*Attorneys for Acceleration Bay LLC*

*Attorneys for Amazon Web Services, Inc.*

Dated:  September 9, 2024

## TABLE OF SCHEDULES

| Item | Schedule |
|------|:--------:|
| Joint Statement of Facts which are Admitted and Require no Proof] | **A** |
| Acceleration Bay's Statement of Issues of Fact that Remain to be Litigated | **B1** |
| AWS's Statement of Issues of Fact that Remain to be Litigated | **B2** |
| Acceleration Bay's Statement of Issues of Law that Remain to be Litigated | **C1** |
| AWS's Statement of Issues of Law that Remain to be Litigated | **C2** |
| Acceleration Bay's Trial Witness List | **D1** |
| AWS's Trial Witness List | **D2** |
| Acceleration Bay's Deposition Designations | **E1** |
| AWS's Deposition Designations | **E2** |
| Acceleration Bay's Trial Exhibit List | **F1** |
| AWS's Trial Exhibit List | **F2** |
| Joint Trial Exhibit List | **F3** |
| Acceleration Bay's Brief Statement of Intended Proofs | **G1** |
| AWS's Brief Statement of Intended Proofs | **G2** |

Plaintiff Acceleration Bay LLC ("Acceleration Bay") and Defendant Amazon Web Services, Inc. ("AWS") submit this Proposed Final Pretrial Order pursuant to the Court's Order (D.I. 14) and in advance of the pretrial conference scheduled to be held in person on September 13, 2024, at 9:00 a.m. ET.

A 5-day jury trial is scheduled, beginning on September 23, 2024, at 9:30 a.m.  This jury trial will address Acceleration Bay's claims that (i) AWS infringes certain asserted claims of U.S. 6,714,966 ("'966 Patent"), and 6,732,147 ("'147 Patent"), 6,829,634 ("'634 Patent") (together, the "Asserted Patents"), (ii) AWS's infringement is willful, and (iii) Acceleration Bay is entitled to damages in the amount of no less than a reasonable royalty for AWS's infringement.  Acceleration Bay seeks from the Court findings that (iv) this case is exceptional and Acceleration Bay is entitled to its costs and reasonable attorneys' fees as provided by 35 U.S.C. §§ 284 and 285; and (v) it is entitled to an accounting of all of AWS's infringing sales and revenues, together with post-judgment interest and pre-judgment interest from the first date of AWS's infringement.

This jury trial will also address AWS's defenses to the claims.  AWS contends that (i) it did not (and does not[1]) infringe any of the asserted claims of the Asserted Patents either directly, indirectly, or willfully, (ii) the claims of the Asserted Patents are invalid because they fail to meet the conditions for patentability set forth in 35 U.S.C. §§ 101 and/or 103, (iii)  Boeing granted AWS a perpetual license to the Asserted Patents with respect to AWS's Virtual Private Cloud ("VPC") and CloudFront services and Acceleration Bay purchased the Asserted Patents subject to that encumbrance, and (iv) that AWS had no pre-suit notice of its alleged infringement. AWS also contends that Acceleration Bay is not entitled to damages as there was no infringement. And that,

---

[1] The last of the Asserted Patents expired on August 7, 2022, so there can be no current infringement.

as a result, AWS is entitled to an award of attorneys' fees and costs and any further relief as this Court may deem appropriate. In the event infringement of a valid asserted claim is found, AWS asserts that (i) any damages would be in the form of a reasonable royalty for any claim found to be infringed by VPC or Transit Gateway, or the other accused products' "use of" VPC and/or Transit Gateway, (ii) Acceleration Bay is only entitled to any such damages during the period from July 6, 2022 through August 7, 2022, (iii) Acceleration Bay isn't entitled to pre- or post-judgment interest, and (iv) any accounting be limited to the scope of alleged infringement Acceleration Bay asserted in its infringement contentions and infringement expert's report. There are no counterclaims to be addressed at trial.

The following matters as to the conduct of the trial have been stipulated by the parties (except where disputes are noted) and are hereby ordered by the Court:

## I.    NATURE OF ACTION & PLEADINGS

### A.    The Parties

1.    Plaintiff Acceleration Bay is a limited liability corporation organized under the laws of the State of Delaware, with a principal place of business in Redwood City, California.

2.    Defendant AWS is a corporation organized under the laws of the State of Delaware, with a principal place of business in Seattle, Washington.

### B.    Pleadings, Motions, & Orders Related to Acceleration Bay's Claims

3.    On July 6, 2022, Acceleration Bay filed its Complaint for Patent Infringement. In its Complaint, Acceleration Bay accused AWS of infringing the Asserted Patents. Acceleration Bay sought a judgment of infringement, a judgment of willful infringement, damages in the amount of no less than a reasonable royalty, injunctive relief, an award of treble damages, costs (including reasonable attorney fees), an accounting of all infringing sales and

revenues, pre- and post-judgment interest, and any other relief as the Court may deem just and proper.  D.I. 1.  Acceleration Bay demanded a jury trial.  *Id*.

4.       The following table shows the list of claims that Acceleration Bay is currently asserting from each Asserted Patent (the "Asserted Claims"):

| Patent | Asserted Claims |
|--------|-----------------|
| '966 Patent | 12, 19 |
| '147 Patent | 6 |
| '634 Patent | 10 |

**C.       Pleadings, Motions, & Orders Related to AWS's Defenses**

5.       On September 15, 2022, AWS filed its Answer (D.I. 10) to Acceleration Bay's Complaint, in which it denied infringement of the Asserted Patents and asserted defenses of invalidity under 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, lack of standing, express or implied license, breach of contract, prosecution history estoppel and disclaimer, estoppel, acquiescence, waiver, unclean hands, limited damages, no injunctive relief, no willfulness and government sales.

6.       AWS demanded a jury trial on all issues triable by a jury.

7.       AWS is no longer asserting defenses under 35 U.S.C. §§ 102, 112, or 116.

8.       The following table shows the list of invalidity defenses that AWS is asserting against each Asserted Claim:

| Patent | Asserted Claims | Invalidity Defense |
|--------|-----------------|--------------------|
| '966 Patent | 12, 19 | • Obviousness based on the combination of '882 Maxemchuk, ATT Maxemchuk, Hughes, and InsideDirectX<br>• Obviousness based on the combination of Du, Hughes, Hwang, and Olson<br>• 35 U.S.C. § 101 |

| Patent | Asserted Claims | Invalidity Defense |
|--------|-----------------|--------------------|
| '147 Patent | 6 | • Obviousness based on the combination of '882 Maxemchuk, ATT Maxemchuk, Hughes, and Pekarske<br>• Obviousness based on the combination of Du, Hughes, and Pekarske |
| '634 Patent | 10 | • Obviousness based on the combination of '882 Maxemchuk, ATT Maxemchuk, Hughes, and InsideDirectX<br>• Obviousness based on the combination of Du, Hughes, Hwang, and Olson<br>• 35 U.S.C. § 101 |

### D.    Claim Construction

9.    The parties filed a claim construction brief on August 30, 2023.  D.I. 65.

10.    Thereafter, the Court held a claim construction hearing on October 4, 2023.  The Court issued a Memorandum Opinion regarding claim construction on October 19, 2023 (D.I. 77) and a Claim Construction Order on October 25, 2023 (D.I. 81).

11.    This Court has also construed several additional claim terms in the Asserted Patents in previous litigations.[2]  And the parties agree those constructions apply here. The parties reserve the right to appeal the Court's claim constructions.

### E.    Pending Motions

12.    On May 31, 2024, Acceleration Bay filed a motion for partial summary judgment and pursuant to *Daubert*, seeking (1) partial summary judgment that the Transit Gateway product satisfies the m-regular and incomplete limitations of the asserted claims, (2) summary

---

[2] *Acceleration Bay LLC v. Take-Two Interactive Software, Inc. et al*, 1:16-cv-00455 (2016) (claim construction in D.I. 326, 345, and 346); *Acceleration Bay LLC v. Activision Blizzard Inc*., 1:16CV00453 (2016) (claim construction in D.I. 275, 281, 321, 366, 386, 387, 423, and 863). *See also*, *Acceleration Bay v. Take-Two Interactive Software, Inc.*, 612 F. Supp. 3d 408, 419 (D. Del. 2020) ("Under my claim construction, a network is not m-regular if the participants just happen to connect to the same number of other participants occasionally. Rather, the network must be "configured to maintain" an m-regular state.").

judgment that the asserted claims are novel and non-obvious, (3) summary judgment that there are no non-infringing alternatives available to Defendant Amazon Web Services, Inc., (4) to exclude the proposed invalidity opinions of Mr. Greene, (5) to exclude the proposed non-infringing alternative opinions of Ms. Sultanik and Ms. Kindler, and (6) to exclude the proposed damages opinions of Ms. Kindler.  D.I. 150-152.

13.    On May 31, 2024, AWS filed its summary judgment and *Daubert* motions. AWS seeks summary judgment (i) that all infringement claims relying on VPC and CloudFront are precluded by the license Boeing granted to AWS in the 2010 AWS-Boeing Agreement, (ii) that AWS had no pre-suit notice of alleged infringement, (iii) that AWS hasn't willfully infringed the asserted patents, and (iv) of non-infringement because no accused product mantains an m-regular network as required by each of the asserted claims. D.I. 147-149. AWS also seeks exclusion of the opinions of Acceleration Bay experts Dr. Eric Cole and Mr. Lance Gunderson. *Id*. Briefing on AWS's motions was complete on June 28, 2024. D.I. 170-171. *See also*, D.I. 161-162 (Acceleration Bay's opposition).

14.    A hearing regarding the parties' summary judgment and *Daubert* motions was held on August 21, at 2:00 pm. D.I. 184. The motions are currently pending.

## II.    FEDERAL JURISDICTION

15.    This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, and this Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§ 271, *et seq*., and 28 U.S.C. §§ 1331 and 1338.  No party contests personal or subject matter jurisdiction for purposes of this case.

16.    Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).  No party contests venue for purposes of this case.

## III.    STATEMENT OF ADMITTED FACTS

17.    The parties' Joint Statement of Facts which are Admitted and Require no Proof is attached as **Schedule A**.

18.    Either party may read into the record any undisputed fact included in Schedule A [**Acceleration Bay Proposes:** or excerpts from a party's responses to interrogatories or requests for admissions] [**AWS Proposes:** or any response to a request for admission], but must disclose its intention to do so in accordance with the procedures outlined in Section IX (Trial Disclosure Schedule).

## IV.    STATEMENT OF ISSUES OF FACT THAT REMAIN TO BE LITIGATED

19.    Acceleration Bay's Statement of Issues of Fact that Remain to be Litigated is attached as **Schedule B1**.

20.    AWS's Statement of Issues of Fact that Remain to be Litigated is attached as **Schedule B2**.

21.    If the Court determines that any issue identified in a party's statement of issues of fact that remain to be litigated is more properly considered an issue of law, it should be so considered.

22.    The parties reserve the right to modify or supplement their statements of facts that remain to be litigated to the extent necessary to fairly reflect the Court's rulings on any motions or subsequent orders of the Court or by agreement of the parties.

## V.    STATEMENT OF ISSUES OF LAW THAT REMAIN TO BE LITIGATED

23.    Acceleration Bay's Statement of Issues of Law that Remain to be Litigated is attached as **Schedule C1**.

24.    AWS's Statement of Issues of Law that Remain to be Litigated is attached as **Schedule C2**.

25.     If the Court determines that any issue identified in a party's statement of issues of law that remain to be litigated is more properly considered an issue of fact, it should be so considered.

26.     The parties reserve the right to modify or supplement their statements of issues of law that remain to be litigated to the extent necessary to fairly reflect the Court's rulings on any motions or subsequent orders of the Court or by agreement of the parties.

## VI.    LIST OF WITNESSES

27.     Acceleration Bay's list of witnesses that it may call to testify at trial either in person or by deposition is attached as **Schedule D1**, and Acceleration Bay's list of deposition designations is attached as **Schedule E1**.  Also included in **Schedule E1** are AWS's objections and counter-designations to the offered testimony and Acceleration Bay's objections to AWS's counter-designations.[3]

28.     AWS's list of witnesses that it may call at trial to testify either in person or by deposition is attached as **Schedule D2**, and AWS's list of deposition designations is attached as **Schedule E2**.  Also included in **Schedule E2** are Acceleration Bay's objections and counter-designations to the offered testimony and AWS's objections to Acceleration Bay's counter-designations.

29.     Any witness not listed in **Schedules D1 or D2** will be precluded from testifying, absent good cause shown.

30.     The listing of a witness on a party's witness list does not require that party to call that witness to testify, either in person or by deposition.

---

[3] AWS objects to the extent Acceleration Bay attempts to introduce any exhibit or testimony (live or by deposition) relating to products which Acceleration Bay withdrew from the list of Accused Products (including EC2, EKS, and GameLift).

### F.    Witnesses Testifying Live at Trial

31.    Before they testify, fact witnesses shall be sequestered so that they do not hear the testimony of other witnesses. However, in accordance with Fed. R. Evid. 615(b), this exclusion rule will not apply to the individual designated by each party as its representative. Fact witnesses may be present in the courtroom during opening statements, but must exit thereafter, before witness testimony begins. Acceleration Bay identifies Joseph Ward as its corporate representative.  AWS agrees to identify its corporate representative by email exchange by **September 12, 2024**, at **5:00 pm ET**.  Expert witnesses are not excluded from the courtroom for either fact or expert testimony.

32.    The parties agree that for any witness who will be made available to testify live at trial: (a) the witness will be called only once and will be called in the case-in-chief of the party sponsoring the witness; [**AWS Proposes:** (b) the non-sponsoring party may exceed the scope of the sponsoring party's direct examination of the witness on cross-examination, and (c) the witness will not be presented by deposition by either party]. Notwithstanding the preceding sentence, parties may use videotaped deposition testimony for purposes of impeachment, subject to the Federal Rules.

33.    If a party adjusts a person on its witness list from a will call live to a may call, the other party shall have five calendar days to provide deposition designations for that witness. The adjusting party shall then have two calendar days to provide counter-designations and objections. The other party shall then have one day to provide objections to counter-designations and any counter-counter-designations. Such other party also reserves all rights to object to the use of such deposition testimony, including on the grounds that the witness is not unavailable, the unavailability was foreseeable, or because untimely deposition designations will cause it unfair prejudice.  However, no changes from will call live to may call shall be

permitted after [Acceleration Bay Proposes: September 11, 2024] [AWS Proposes: September 16, 2024] at 5:00pm ET, absent agreement of the parties or with leave of the Court.

### G. Witnesses Testifying by Deposition

34.     With respect to those witnesses who are expected to testify by deposition rather than in person, each party has designated the specific pages and lines of deposition testimony that it may read or play during trial. **Schedules E1 or E2** contain the maximum universe of deposition designations, counter-designations, and objections to admission of deposition testimony. None of the foregoing may be supplemented without written approval of both parties or leave of the Court, on good cause shown, although the parties may object to deposition designations based on future Court rulings.

35.     If a party designates deposition testimony and the other party counter-designates deposition testimony,[4] then the designations and counter-designations will be read or played by video in chronological order.  Regardless of whether deposition testimony is read or played by video, the parties will be charged for all time taken to read or play their designations and counter-designations according to (i) if read, the proportion of lines of testimony for its designations to the total number of lines of testimony read, or (ii) if played, by the actual time that elapses from the time the deposition testimony is presented according to the proportions to be provided by the parties.

36.     Absent leave of Court, all irrelevant and redundant material such as objections, colloquy between counsel, stricken or withdrawn questions, and long pauses will be eliminated when the deposition is read or viewed at trial.  If playing deposition testimony by video, the

---

[4] The parties have provided designations, counter-designations, and counter-counter-designations and agree that each reference herein to designated and counter-designated testimony refers to all three categories of designations.

deposition video shall include subtitles of the testimony at the bottom of the screen that matches the witness' testimony.  The party offering the witness to be called by deposition is responsible for editing the deposition video to include the testimony, any counter-designations, and counter-counter-designations and for providing a timed report and video of the testimony to be played at trial to the other party by **9:00 pm ET one calendar day** before the deposition will be played at trial or to state in writing that the deposition testimony will be instead read into the record. Specifically, the exchange format shall consist of a download link to a video file that corresponds to the video depositions clips and a PDF Clip Report for each witness including page/line starts and stops (cover page to include total run time, Plaintiff's Designation Run Times, Defendant's Designation Run Times, and relevant exhibits included in the video) so that each party may properly review each other's video files and the sponsoring party may modify the video files that are going to be produced to the jury, as necessary.

37.    If an exhibit is referenced in a deposition designation played at trial, the designating party may seek to admit the exhibit into evidence if it is included on a party's trial exhibit list, subject to the other party's objections.  If an exhibit is referenced in a deposition designation played at trial and the Court has not sustained an objection to the exhibit's admission into evidence, the designating or counter-designating party may display the exhibit to the jury alongside the video and highlight or enlarge portions of the exhibit on the screen that were discussed or referenced in the designation or counter-designation, respectively, as if the exhibit was being shown to a live testifying witness.

38.    For those witnesses whose deposition testimony will be presented, the party offering the witness shall be permitted to make a brief transition statement to introduce the witnesses by name, position or title, the company with which the witness is associated, and one

11

sentence indicating the general subject matter of the testimony. The time for the transition statement shall be charged to the party offering the witness's testimony, unless otherwise agreed to by the parties.  Counsel shall not, however, be permitted to argue or comment on the evidence during transition statements.

39.     Any party may use testimony that is designated or counter-designated by either party, to the same effect as if it had initially designated the testimony as its own, subject to all objections.

40.     The parties may offer some or all of the deposition testimony set forth herein at trial. If a party decides to play less than all the designated testimony for a witness at trial, or to include fewer than all of its counter-designations, the opposing party may use such dropped testimony as counter-designations or counter-counter designations to the extent the usage of such testimony in such manner is otherwise consistent with Rule 106 of the Federal Rules of Evidence, Rule 32 of the Federal Rules of Civil Procedure, and any other applicable Federal Rule of Evidence or Federal Rule of Civil Procedure. A party's decision not to introduce some or all of the testimony of a witness designated herein shall not be commented upon at trial.

41.     Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.  The above procedures regarding deposition designations do not apply to portions of deposition transcripts and/or video used for impeachment of a witness.

42.     To the extent there are any objections pending with respect to a particular witness whose testimony is being offered by deposition, **[Acceleration Bay proposes:** a party intending to read or play that testimony during trial must provide the Court and the other party with a

transcript of the designated and counter-designated testimony it intends to read or play, along with any objections thereto, by 11:59 pm ET two calendar days before the party intends to offer the designated testimony (i.e. 11:59 pm Sunday for Tuesday trial day).] [AWS proposes: in accordance with Section IX, paragraph 72 below, the issue(s) will be presented to the Court the following morning.]

## VII.    LIST OF EXHIBITS

43.    Acceleration Bay's trial exhibit list is attached as **Schedule F1**.  Acceleration Bay identified its exhibits with PTX numbers.[5]

44.    AWS's trial exhibit list is attached as **Schedule F2**.  AWS identified its exhibits with DTX numbers.

45.    The joint trial exhibit list is attached as **Schedule F3**.  Joint trial exhibits are identified with JTX numbers.

46.    Each party may use a subset of an exhibit as a standalone exhibit, subject to evidentiary objections (e.g., F.R.E. 106).  Each such Subset Exhibit shall be marked with the entire exhibit's number followed by a letter (e.g., PTX1-A or DTX-12-A).

47.    A party's decision not to introduce any exhibit appearing on its list shall not be commented on during trial.

48.    Each party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to objections.  Any exhibit, once admitted, may be used equally by each party. The listing of an exhibit by a party on its exhibit list does not waive any objections to that exhibit by the listing party should the opposing

---

[5] AWS objects to the extent Acceleration Bay attempts to introduce any exhibit or testimony (live or by deposition) relating to products which Acceleration Bay withdrew from the list of Accused Products (including EC2, EKS, and GameLift).

party attempt to offer it into evidence.  In other words, a party does not waive its objections to an exhibit by including that exhibit on its own exhibit list.

49.     The parties agree that any date listed on an exhibit list is provided for convenience only and is neither evidence nor an admission of the date of the document, and that not including a date on an exhibit is neither evidence nor an admission of whether the document is dated.

50.     The parties agree that any description of a document listed on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding that document.

51.     Legible photocopies of United States patents may be offered and received into evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies.

52.     Legible photocopies of documents may be offered and received in evidence in lieu of originals thereof, subject to all foundational requirements and other objections that might be made to the admissibility of originals.

53.     Exhibits will be admitted into evidence when **[AWS Proposes:** (1)**]** offered through a witness who is shown the exhibit (either live if the witness is live or during a deposition of the witness if being offered by deposition) **[AWS Proposes:** or (2) if the parties stipulate to the admissibility of a particular exhibit, such as through the parties' joint exhibit list**].** No exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit, unless otherwise agreed to by the parties. At some point during or immediately after, or at some other time directed by the Court and/or otherwise agreed to by the parties, any party that has **[AWS Proposes:** (1)**]** used an exhibit with the witness **[AWS**

**Proposes:** or (2) otherwise stipulated to the admissibility of an exhibit, such as through the parties' joint exhibit list**]** and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence, by exhibit number. Should a party inadvertently fail to move such an exhibit into evidence at the close of the witness's testimony, the parties agree that such exhibits may be moved into evidence at any point before the close of **[Acceleration Bay proposes:** the party's respective case**] [AWS proposes:** evidence**]** at trial.

54.    Exhibits may be introduced via video deposition testimony. Any party that has used an exhibit with the deponent and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence, by exhibit number.

55.    **[AWS Proposes:** Except as provided by the Federal Rules of Evidence and provided below with respect to opening statements, exhibits may not be published, displayed, or otherwise shown to the jury until after they have been admitted into evidence. Once admitted, counsel for either party may publish exhibits to the jury without requesting to do so. However, if an exhibit that is not yet admitted that is going to be used with a witness has been exchanged pursuant to the parties' exchange procedures and has no pending objection, that exhibit may be displayed to the jury before it is formally admitted, provided the party offering it will admit it at the conclusion of the testimony.**]**

56.    Any exhibit, once admitted at trial, may be used equally by each party for any proper purpose in accordance with the Federal Rules of Evidence.

57.    The parties agree that if any party removes or otherwise withdraws an exhibit from its exhibit list, the other party may amend its exhibit list to include that same exhibit. The parties also agree that the parties can make objections to such exhibits, other than an objection based on untimely listing.

58.     The parties have agreed that the demonstrative exhibits the parties intend to use at trial need not be included on their respective lists of trial exhibits to be filed with the Court.

59.     **[Acceleration Bay Proposes:** The parties agree that requests for admissions or interrogatories that a party intends to read into the record need not be included on their respective lists of trial exhibits, but must be disclosed in accordance with the procedures outlined in Section IX.]

60.     At 2:00 pm four calendar days before the first day of trial, the parties shall make available for inspection all physical and video exhibits to be used at trial, labeled with an exhibit number. The parties reserve the right to lodge objections upon inspection of the physical and video exhibits. Physical exhibits include non-document trial exhibits and demonstrative physical exhibits, such as books and physical devices.  For purposes of clarity, this does not include boards, blow-ups, and graphical demonstratives, which will be disclosed pursuant to the Trial Disclosure Schedule in Section IX.

61.     The parties agree that they need not pre-exchange or identify exhibits or demonstratives to be used with any witness on cross-examination.

62.     **[AWS Proposes:** Subject to other provisions of this Order, the parties agree that to the extent supplemental exhibits are identified, the parties agree to disclose no more than fifteen (15) supplemental exhibits, along with a copy of the exhibit bearing a branded trial exhibit number, with supplementation of exhibits being permitted until 12:00 PM on the Wednesday before the first day of trial, September 18, 2024. After that time, further supplementation shall only be permitted by agreement of the parties, with good cause shown, or with leave of the Court. Objections to the supplemental exhibits shall be due no later than 12:00 PM on the Friday before trial, September 20, 2024. A party may not introduce at trial any

exhibit not appearing on its list, another party's list, or on the parties' joint exhibit list, except for exhibits used solely for impeachment. Such exhibits, if not appearing on a party's exhibit list or the joint exhibit list, shall not be admissible unless good cause is shown.**]**

63.    On September 10, 2024, the parties shall exchange copies of all pre-marked trial exhibits with trial exhibit labels, except for those exhibits which are designated as source code pursuant to the Protective Order (D.I. 31). The parties will exchange those trial exhibits at or before the pretrial hearing on September 13, 2024.

64.    **Authenticity**. The parties stipulate that all exhibits produced by any party or third party by subpoena are deemed authentic in this case to the extent the documents were created by the producing party. Objections as to evidence, including foundation and authenticity, shall be made based on a good-faith belief that there is a basis to challenge the admission of the evidence.

## VIII.  TRIAL DEMONSTRATIVES

65.    When exchanging trial demonstratives, the party seeking to use a demonstrative exhibit will provide a color representation of the demonstrative exhibit to the other side in PDF form or other electronic form labeled with the exhibit or demonstrative number. However, for demonstrative exhibits that cannot be placed in PDF form, such as animations, flash file, or moving images, the party seeking to use the demonstrative exhibit will provide it to the other side in a manner sufficient to permit the receiving party to see the animation, flash file, or moving images.  For irregularly sized physical demonstrative exhibits, the party seeking to use the demonstrative exhibit will provide a color representation as an 8.5 x 11 PDF of the exhibit(s).

66.    **[AWS Proposes:** For each demonstrative that is based on a document(s) produced or exchanged in discovery in this litigation, each party shall disclose to the other party

all documents that form the basis of the demonstrative, either: (a) on the face of the demonstrative, or (b) in a table or other writing provided at the time the demonstrative is exchanged with the other party.]

67. Acceleration Bay's demonstrative exhibits will be identified by numbers prefixed with "PDEM." AWS's demonstrative exhibits will be identified by numbers prefixed with "DDEM."

68. If a party's demonstrative exhibit changes after being provided to the opposing party, the party intending to use the demonstrative exhibit must promptly notify the opposing party of the change(s) and provide the revised demonstrative exhibit with such notification.

69. The above provisions regarding the exchange of demonstrative exhibits do not apply to demonstrative exhibits created during testimony or demonstrative exhibits to be used for cross examination, neither of which need to be provided to the other side in advance of their use. The foregoing provisions also do not apply to demonstratives previously used at trial.

70. The parties agree that notice of a party's intended use of blow-ups (enlargements) of trial exhibits and/or deposition testimony and of ballooning, excerption, highlighting, etc. of such exhibits and/or deposition testimony need not be given (and need not be exchanged as a demonstrative exhibit), as long as the party has complied with the provisions of this Order governing the use of trial exhibits and/or deposition testimony.

## IX.  Trial Disclosure Schedule

71. The parties agree to the following procedure which will govern the disclosure of witnesses, exhibits, deposition testimony and demonstratives at trial and the process to identify any objections remaining between the parties with regard to these disclosures:

a.     At **6:30 PM** three days before each day of trial (e.g., 6:30 PM Friday for a Monday trial day), the offering party will exchange by email the following for that trial day:

   i.     A list of witnesses the party intends to call for direct examination, in the order the party intends to call such witnesses (whether live or by deposition);

   ii.    The specific page and lines of deposition testimony it intends to introduce (either by video or through a reading of the transcript), and a list of any trial exhibits it intends to introduce for the first time through such deposition testimony; and

   iii.   A list of the joint admitted facts and responses to requests for admissions **[Acceleration Bay proposes:** or interrogatories**]** it intends to read into the record, if any.

b.     At **6:30 PM** two days before a day of trial (e.g., 6:30 PM Saturday for a Monday trial day), the opposing party will exchange by email the following for that trial day:

   i.     Objections to designated deposition testimony and deposition counter-designations to be included when the offering party introduces its identified deposition testimony; and

   ii.    Objections to the list of requests for admission **[Acceleration Bay proposes:** or interrogatory**]** responses to be introduced at trial.

   iii.   A list, by exhibit number, of each trial exhibit for each witness it intends to present for the first time through direct examination.

19

    c.    At **8:00 PM** two days before a day of trial (e.g., 8:00 PM Saturday for a Monday trial day), the offering party will exchange by email the following for that trial day:

        i.    Objections to the receiving party's counter-designated testimony and any objections to the trial exhibits to be offered through that witness's counter-designed deposition testimony.

        ii.    Objections to the disclosing party's exhibits.

    d.    At **9:00 PM** two days before a day of trial (e.g., 9:00 PM Saturday for a Monday trial day), the parties shall meet and confer in attempt to resolve any evidentiary objections to deposition testimony and trial exhibits to be offered through either direct examination or deposition testimony for that trial day.

    e.    At **6:30 PM** one day before a day of trial (e.g., 6:30 PM Sunday for a Monday trial day), a party shall disclose graphical,[6] illustrative, or demonstrative material, including any physical demonstratives[7] or videos,

---

[6] The parties agree that Rule 1006 exhibits need not be included on a party's pre-trial exhibit list and will be disclosed **[Acceleration Bay proposes:** in accordance with the disclosure requirements for exhibits**] [AWS proposes:** with sufficient and reasonable notice for review and/or objection, but at least **three days** in advance of anticipated use**]**, provided that any exhibits from which a particular Rule 1006 exhibit is derived have been disclosed on the parties' exhibit lists (including any supplements thereto). Any Rule 1006 exhibit must be disclosed to the opposing party along with a comprehensive list of source material upon which it relies, including, by identification of specific trial exhibit number. Objections to Rule 1006 exhibits, meet and confers relating to them, and the presentation to the Court of such disputes will otherwise follow the procedure outlined in this paragraph. The parties will include any such admitted Rule 1006 exhibits on the final exhibit list provided to the Court after trial.

[7] For purposes of the disclosure exchanges, the sponsoring party may provide photos or electronic images of physical demonstratives, although the parties may request inspection of all physical demonstratives.

that will be shown to the trier of fact during the testimony of a witness called by that side. At **8:00 PM** one day before a day of trial (e.g., 8:00 PM Sunday for a Monday trial day), the receiving party shall provide objections to such graphical, illustrative, or demonstrative material, including any physical demonstratives. The parties shall meet and confer at **9:00 PM ET** that same day in an attempt to resolve any objections.

72.    **[Acceleration Bay proposes:** To the extent any objections or disputes remain pending after the parties' daily meet and confers at 9:00 pm ET, by **11:59 pm ET**, unless otherwise agreed, the parties will provide to the Court a single-spaced, nonargumentative, two-page submission identifying each unresolved issue addressed in that night's meet and confer that the party intends to raise with the Court. At **8:00 AM** the day of trial (e.g., Monday morning for a Monday trial day), the Court will rule on evidentiary disputes submitted the previous evening.] **[AWS proposes:** To the extent there are any unresolved objections or disputes after the parties' daily meet and confer, these issues will be presented to the Court the following morning.**]**

73.    In addition, the parties agree to the following procedures for the exchange of deposition clips, trial exhibits, physical exhibits, and demonstratives to be used during opening statements:

a.    **[AWS Proposes:** Physical exhibits, deposition clips, and videos to be used during opening statements will be available for inspection at 6:00 PM two days before the beginning of trial.**]**

b.    The parties will exchange **[AWS Proposes:** trial exhibits and**]** demonstratives, **[Acceleration Bay proposes:** including deposition clips, physical exhibits, and

videos**]** to be used during opening statements by **3:00 PM** the day before the first day of trial.

c.   By **4:30 PM**, each party will identify any objections to the deposition clips, trial exhibits, physical exhibits, and demonstratives of the opposing party.

d.   The parties shall meet and confer on any objections at **5:30 PM** that day.

e.   **[Acceleration Bay proposes:** In the event the parties do not resolve all disputes, by **9:00 PM** the parties shall each submit to the Court by e-mail any remaining disputes regarding opening demonstratives.**]**

f.   **[AWS proposes:** To the extent there are any unresolved disputes, the issues will be presented to the Court the following morning.**]**

74.   By **7:00 PM** the day before the party that is presenting its case-in-chief expects to rest, its Counsel shall provide to opposing counsel an estimate of when during the next trial day it expects to rest.

## X.   BRIEF STATEMENT OF INTENDED PROOFS

75.   Acceleration Bay's Brief Statement of Intended Proofs is attached as **Schedule G1**.

76.   AWS's Brief Statement of Intended Proofs is attached as **Schedule G2**.

## XI.   AMENDMENTS OF PLEADINGS

77.   Neither party has moved to amend the pleadings and none are contemplated.

## XII.   CERTIFICATION OF SETTLEMENT EFFORTS

78.   The parties hereby certify that they have engaged in a good faith effort to explore resolution of the controversy by settlement.  The parties participated in a private mediation on August 22, 2024.  The parties did not reach a resolution.

## XIII.  OTHER MATTERS

### H.     Stipulations

79.     The following stipulations were agreed upon by the Parties and are made part of

this Pretrial Order:

(a)     Testimony of experts will be limited to the opinions disclosed in the expert's reports.

(b)     No party may argue, refer to or present evidence to the jury regarding any issues of law or equitable issues upon which the jury will not be making a determination.  For example, no party will argue or present evidence to the jury that the Court may award interest on any damages awarded, that the Court may award up to three times any damages award in the event infringement is found to be willful, that the prevailing party may be entitled to attorney's fees and costs, or that there may be an appeal of the verdict.

(c)     AWS will not refer to or elicit testimony regarding Mr. Ward's personal finances, except that, if Mr. Ward claims that the litigation has caused him financial hardship, then AWS can discuss funding. The parties agree that Mr. Ward's (and any other witness') financial interest in the outcome of the litigation is admissible to show bias.

(d)     No party may argue, refer to, or present evidence to the jury regarding litigation funding or the fee arrangements of any law firm involved in the case unless a party opens the door by, for example, claiming that the cost of litigation has caused it financial hardship.

(e)     No party may refer to or present evidence to the jury regarding case narrowing or dropped claims or defenses.

(f)     No party may reference discovery disputes, motions, and rulings, or the sufficiency of a party's production.

(g)     No party may disparage the invocation of privilege by the other party.

(h)     Acceleration Bay will not argue or refer to AWS (or related Amazon entities, such as Amazon.com, Inc.) as a "monopolist," "bully," "greedy," "corrupt," or "dishonest," or use similar pejorative language. Notwithstanding this agreement, Acceleration Bay is permitted to present evidence regarding AWS' knowledge of the asserted patents and of its infringement, scienter and intent to infringe, and willfulness.

(i)     AWS will not argue or refer to Acceleration Bay at trial as a "patent troll," or make derogatory comments about Acceleration Bay, such as it being "greedy," or that this action is a "shake down" or "hold up."

23

Notwithstanding this agreement, AWS is permitted to present evidence regarding Acceleration Bay's and its affiliates' business dealings and business models without the use of pejorative language.

(j)    Acceleration Bay provided a final election of claims to be asserted at trial on September 6, 2024.  By September 11, 2024, AWS will provide a final election of invalidity defenses to be asserted at trial.

I.    **Miscellaneous Issues**

AWS includes the following list of issues which may arise during trial to provide the Court prior notice. AWS will be prepared to address these issues at the pretrial conference if the Court wishes to address them.  Acceleration Bay objects to AWS' attempt to use the Pretrial Order to submit what are effectively informal requests for additional motions *in limine* without showing good cause to exceed the Scheduling Order's limitation on the number of allowed motions *in limine*, and accordingly, without the benefit of briefing on the issues.

(a)    Whether a party's jury consultant may be present during the totality of *voir dire* and trial.

(b)    Whether a party may play any video that wasn't produced during discovery, including any video relating to Boeing's FlyThru, to the jury.

(c)    Whether Acceleration Bay is limited to presenting the damages figures listed on page 12 of Mr. Gunderson's reply report.

(d)    Whether a party may reference other patent litigations involving either party, if those other patent litigations are not referenced in the licenses utilized in the damages experts' analysis.

(e)    To the extent any pretrial Court decision does not moot the issue, whether Acceleration Bay may reference the 2022 AWS-Boeing Agreement or any other documents relating to AWS's license defense that were not produced during discovery.

(f)    Whether a party may reference IPRs and EPRs on the Asserted Patents, aside from providing the results of those proceedings, for example, with respect to claim construction or cancellation.

(g)    Whether a party may conflate AWS with Amazon.com Inc. ("Amazon"), refer to Amazon's or AWS's overall size, finances, or ability to pay any judgment, or compare the relative size and wealth of the parties (*e.g.* through the use of David and Goliath themed references).

24

(h)     Whether a party may refer to a duty to obtain an opinion of counsel, purported failure to obtain such an opinion, or failure to present such an opinion to the jury. *See* 35 U.S.C. § 298.

(i)     Whether a party may reference information in SEC filings relating to this case and any other patent infringement action.

## J.     Trial Parameters

80.     This matter is scheduled for a 5-day jury trial beginning at 9:30 a.m. on September 23, 2024, with subsequent trial days beginning at 9:30 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m.

81.     The trial will be timed. Unless otherwise ordered, time will be charged for a party for its opening statement, its direct, cross, and re-direct examinations of any witness, and its deposition designations.

82.     The parties will be given a separate time limit for their respective closing arguments.

83.     Each side will be allocated **[Acceleration Bay proposes:** 13 hours] **[AWS proposes:** 12 hours] for their respective opening statements and presentation of evidence.

## K.     Order of Presentation of Evidence

84.     The order of presentation of evidence will be as follows:

a.     Opening Statements (Acceleration Bay first, followed by AWS);

b.     Acceleration Bay's presentation of evidence on issues for which Acceleration Bay bears the burden of proof;

c.     AWS's presentation of evidence rebutting Acceleration Bay's presentation and on issues for which AWS bears the burden of proof;

d.     Acceleration Bay's presentation of evidence rebutting AWS's presentation on which AWS bears the burden of proof; **[Acceleration Bay proposes:** and**]**

e.     **[AWS proposes:** AWS's rebuttal presentation on any issue for which AWS bears the burden of proof; and**]**

      f.     Closing arguments (Acceleration Bay first, followed by AWS, followed by Acceleration Bay's rebuttal).

**L.     Presentation of Protected Material and Sealing the Courtroom**

85.     The parties may seek to seal the courtroom during presentations and/or examinations that include information that is designated "Confidential – Outside Counsel Only"[8] or "Restricted Confidential – Source Code" under the Protective Order.

86.     A party that intends to seek the sealing of the courtroom based on the presentation of its own or a third party's sensitive information in connection with either a direct examination or examination via deposition designation shall disclose that intent to the opposing party at the same time it discloses its documents for use with witnesses or deposition designations, as set forth in Section IX.  A party that intends to seek the sealing of the courtroom based on the presentation of its own or a third party's sensitive information to be presented by the opposing party shall disclose that intent at the time set for the provision of objections, as set forth in Section IX.  The intent to seal the courtroom shall be a subject of the meet and confer and any presentation of disputes to the Court.

87.     The party seeking to seal the courtroom will indicate to the Court when the period of sealing should begin and end.

88.     Nothing herein requires advance disclosure of materials to be used on cross examination.  If materials are sought to be used on cross examination that either party believes need to be sealed, the party seeking sealing shall raise it as soon as it becomes aware of the confidentiality concern.

---

[8] Aside from source code, AWS anticipates that it may seek to seal the courtroom when its own and third parties' sensitive financial information is presented.

89.    The parties recognize the presumption for and preference in favor of an open courtroom and will work together in good faith to minimize any requests to seal the courtroom. Where possible, the parties will work to allow the courtroom to remain open even if an exhibit is sought to be sealed. For example, the parties may agree to limit the display of the sensitive materials to the Court and jury box monitors and not to display them on the large screens in the courtroom.

90.    **Source Code**: Consistent with Section 8.2(b) of the Protective Order, each party's trial graphics vendor may make a single digital copy of source code printed during discovery in order to pre-mark the electronic copy as an exhibit for the limited purpose of displaying the source code in the courtroom during trial.  Once trial is completed, that vendor will certify to the other party the deletion of all such pages of source code in digital format.

91.    To the extent the courtroom is sealed for portions of the presentation of evidence, the parties shall confer following trial, and by no later than thirty-days after trial shall submit a report to the Court designating the testimony given live or through deposition while the courtroom was sealed that should be redacted from the public transcript filed in this case. To the extent the court reporter requires these designations earlier, the parties agree to work together to provide them.

### M.     Order To Control Course Of Action

92.     This Order shall control the subsequent course of the action, unless modified by

the Court to prevent manifest injustice.


POTTER ANDERSON & CORROON LLP          MORRIS NICHOLS ARSHT & TUNNELL LLP

By: */s/ Philip A. Rovner*                    By:  */s/ Jennifer Ying*
     Philip A. Rovner (#3215)                      Jennifer Ying (#5550)

     Hercules Plaza                                1201 North Market Street
     P.O. Box 951                                  P.O. Box 1347
     Wilmington, DE 19899                          Wilmington, DE 19899
     (302) 984-6000                                (302) 658-9200
     provner@potteranderson.com                    jying@mnat.com


*Attorneys for Plaintiff Acceleration Bay LLC*   *Attorneys for Amazon Web Services, Inc.*

Dated: September 9, 2024