IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ACCELERATION BAY, LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 22-904-RGA |
| AMAZON WEB SERVICES, INC., | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

The parties have filed various letters in connection with the trial scheduled to start on Monday.

Two letters concern whether Scott Hayden can testify in connection with willfulness. (D.I. 225; D.I. 234). The issue arose because Mr. Hayden was on the live witness list, and I asked Defendant at the pretrial conference about what he was going to testify. The response at the pretrial conference was that Mr. Hayden would testify about "general licensing practices" and about "the licensing in this case." Plaintiff raises a disclosure issue. I think Plaintiff's argument has merit—Mr. Hayden was not disclosed as someone knowledgeable about the letter at issue in this case. Defendant conceded that Mr. Hayden has no personal knowledge of the letter. (PTC Tr. at 78:1-12).[1] Thus, regardless of whether Defendant failed to disclose, it seems clear that Mr. Hayden should not be testifying about something of which he does not have

---

[1] In the subsequent letter (D.I. 225), Amazon backtracked and said he has "personal knowledge" of the letter "in his role as Vice President . . . and oversight of Amazon's licensing activities, even though he was not directly involved" with the letter. At the PTC, counsel said Mr. Hayden's knowledge was "after the fact." (PTC Tr. at 78:9-10). "After the fact" knowledge is, generally speaking, another way to say, hearsay knowledge.

personal knowledge. The relevance of Amazon's general licensing practices seems irrelevant to willfulness. Thus, I exclude Mr. Hayden from testifying about the letter or the processes for handling similar letters. And, while I am doubtful that Mr. Hayden has any relevant information, he was disclosed for "licensing practices," so I cannot exclude his testimony to the extent it concerns "licensing practices." But since I doubt its relevance, if Defendant wants me to consider permitting such testimony, it needs to submit a detailed proffer about what Mr. Hayden would say no later than Monday, September 23, at 10 a.m.

I have read the letter concerning Ms. Kindler's use of "portfolio" licenses. (D.I. 235). I do not think there is any similarity between Ms. Kindler's "portfolio" licenses and Plaintiff's expert's use of two specific portfolio licenses, which I excluded at the pretrial conference. Thus, Plaintiff's expert's use of the two specific portfolio licenses remains excluded, but Ms. Kindler's use of her "portfolio" licenses is not excluded.

In connection with one of Defendant's motions in limine (D.I. 200), which I denied, I asked that Plaintiff submit a proffer regarding Dr. Medvidovic's proposed testimony about how the accused products meet the "broadcast channel" limitation. The point was to help me prepare for anticipated trial objections. Plaintiff submitted the proffer. (D.I. 236). In response, Defendant raised a different issue, saying that one paragraph at pp. 4-5 of the proffer was a previously undisclosed (or new) infringement theory. (D.I. 255). Plaintiff responded. (D.I. 256). The gist of Defendant's complaint is that Dr. Medvidovic opines, "BigMac uses Hyperplane and infringes through that use." (D.I. 255). The proffer's disputed paragraph states that Dr. Medvidovic "explains that BigMac . . . utilizes a 'HyperPlane Health Layer' . . . ." and that "BigMac utilizes 'Multicast on HyperPlane' . . . ." The paragraph of the proffer cites various sections of Dr. Medvidovic's opening report talking about Hyperplane's Health Layer, but, as

Defendant points out, none of the paragraphs contain a whisper about BigMac. In Plaintiff's response, Plaintiff relies upon paragraph ¶ 15 in Dr. Medvidovic's Reply Report to say that he "clearly set forth his opinion that HyperPlane is part of BigMac." Plaintiff says this paragraph is in response to two paragraphs of Ms. Sultanik's report, which Plaintiff (accurately, I think) characterizes as Ms. Sultanik saying that Dr. Medvidovich was relying on code relating to Transit Gateway/Hyperplane for analysis of VPC. Dr. Medvidovic's paragraph ¶ 15 is not what I would call "clear." What I think he says is that "hyperplane terminology" is not "specific only to the transit gateway. Amazon uses this term in its source code . . . for multiple technologies, including with respect to BigMac. . . . [T]o the extent that this code is related to transit gateway, it is also exemplary of the code for VPCs." (D.I. 256). What I think Dr. Medvidovic is saying is that there is BigMac source code that in some fashion refers to "hyperplane," but I do not think he says that any and all "Hyperplane" technology provides a basis to say that BigMac infringes. I also note that Plaintiff's argument, to the extent that it is, BigMac infringes through HyperPlane, seems to be completely inconsistent with the arguments Plaintiff has been making to date. At summary judgment, Plaintiff claimed that VPC's infringing functionality was entirely attributable to VPC Peering and BigMac. (See D.I. 219 at 28-30). HyperPlane technology related to Transit Gateway, not to VPC, VPC Peering, or to BigMac. I think to the extent Plaintiff is now arguing that CloudFront or VPC infringes through HyperPlane, Plaintiff is advancing a new theory, and I exclude it.

      Lastly, I have two letters concerning Mr. Gunderson's five-page third supplemental expert report. (D.I. 228; D.I. 238). The timing of the report followed my instructions at the pretrial conference. (D.I. 227). I gave Defendant the opportunity to submit a supplemental report of its damages expert. Though I do not think I have been provided with them, I see from the

docket that Ms. Kindler wrote supplemental reports served on September 16th (D.I. 222) and on September 18th (D.I. 229). As far as I can tell from the letters concerning Mr. Gunderson, there are some factual challenges to his opinions. Those are issues for cross-examination at trial, and presumably are the subject of Ms. Kindler's September 18th report. There are also some disclosure challenges, but while my last-minute rulings have necessitated some scrambling in order for both sides to have expert opinions tailored to the way things now stand, I am not convinced that Amazon has had insufficient time to be able to conduct an effective cross examination and to present contrary opinions from its expert. Thus, the motion to strike Mr. Gunderson's third supplemental report is denied.

      IT IS SO ORDERED this 20th day of September 2024.

                                                    /s/ Richard G. Andrews
                                                   United States District Judge